IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JORDAN B.,[1] ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 23 C 2504 |
| v. ) | |
| ) | Magistrate Judge |
| MARTIN J. O'MALLEY, ) | Daniel P. McLaughlin |
| Commissioner of Social Security,[2] ) | |
| ) | |
| Defendant. ) | |
| ) | |

**MEMORANDUM OPINION AND ORDER**

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff Jordan B.'s claim for Disability Insurance Benefits ("DIB"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's motion to reverse or remand the Commissioner's decision [10] is granted in part and denied in part.

---

[1] In accordance with Internal Operating Procedure 22 – Privacy in Social Security Opinions, the Court refers to Plaintiff only by his first name and the first initial of his last name.

[2] Martin J. O'Malley has been substituted for his predecessor pursuant to Federal Rule of Civil Procedure 25(d).

**BACKGROUND**

I. **PROCEDURAL HISTORY**

On March 8, 2021, Plaintiff filed a claim for DIB, alleging disability since April 16, 2020. The claim was denied initially and upon reconsideration, after which Plaintiff timely requested a hearing before an Administrative Law Judge ("ALJ"). The ALJ held an online video hearing on August 8, 2022. Plaintiff appeared and testified at the hearing and was represented by counsel. A vocational expert ("VE") also testified. Plaintiff amended his alleged onset date to December 28, 2020.

On November 3, 2022, the ALJ denied Plaintiff's claim for benefits, finding him not disabled under the Social Security Act. The Social Security Administration Appeals Council then denied Plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

II. **ALJ DECISION**

Plaintiff's claim was analyzed in accordance with the five-step sequential evaluation process established under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4). The ALJ found at step one that Plaintiff engaged in substantial gainful activity from March 2021 to December 2021. However, the ALJ further found that there had been a continuous 12-month period during which Plaintiff did not engage in substantial gainful activity. At step two, the ALJ concluded that Plaintiff had the following severe impairments: bipolar disorder; major depressive

2

disorder; attention deficit hyperactivity disorder (ADHD); and post-traumatic stress disorder (PTSD). The ALJ concluded at step three that Plaintiff's impairments, alone or in combination, do not meet or medically equal any listed impairments.

Before step four, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform a full range of work at all exertional levels but with the following nonexertional limitations: is restricted to understanding, remembering, and carrying out simple instructions for simple, routine tasks without hourly production requirements, but can meet end of day goals; is able to occasionally interact with supervisors and coworkers, and can have brief and superficial interaction with the public; and is able to be exposed to no more than occasional changes in the job setting. At step four, the ALJ concluded that Plaintiff would be unable to perform his past relevant work as a human resources clerk, verification/research specialist-investigator, quality assurance supervisor, or driver. However, at step five, based upon the VE's testimony and Plaintiff's age, education, work experience, and RFC, the ALJ found that Plaintiff can perform jobs existing in significant numbers in the national economy, leading to a finding that he is not disabled under the Social Security Act.

## **DISCUSSION**

### I.     **ALJ LEGAL STANDARD**

Under the Social Security Act, a person is disabled if he has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which

3

has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a plaintiff is disabled, the ALJ considers the following five questions in order: (1) Is the plaintiff presently unemployed? (2) Does the plaintiff have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the plaintiff unable to perform his former occupation? and (5) Is the plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step three or step five leads to a finding that the plaintiff is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer at any step, other than at step three, precludes a finding of disability. *Id.* The plaintiff bears the burden of proof at steps one to four. *Id.* Once the plaintiff shows an inability to perform past work, the burden then shifts to the Commissioner to show the plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Id.*

II.     **JUDICIAL REVIEW**

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is thus limited to determining whether the ALJ's findings are supported by substantial evidence or based upon legal error. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial

evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). An ALJ's decision should be affirmed even in the absence of overwhelming evidence in support: "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence is . . . 'more than a mere scintilla.' . . . It means – and means only – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154, (2019) (citations omitted).

The Seventh Circuit has made clear that ALJs are "subject to only the most minimal of articulation requirements" and "need not address every piece or category of evidence identified by a claimant, fully summarize the record, or cite support for every proposition or chain of reasoning." *Warnell v. O'Malley*, 97 F.4th 1050, 1053-54 (7th Cir. 2024) (citations omitted). All that is required is that "ALJs provide an explanation for how the evidence leads to their conclusions that is sufficient to allow . . . a reviewing court[] to assess the validity of the agency's ultimate findings and afford [the appellant] meaningful judicial review." *Id.* at 1054 (citations and internal quotations omitted). Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether a plaintiff is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in

5

evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841; *see also Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (holding that the ALJ's decision must be affirmed even if "'reasonable minds could differ'" as long as "the decision is adequately supported") (citation omitted).

## III. ANALYSIS

Plaintiff argues that the ALJ's decision was in error for several reasons, including: (1) the ALJ erred in determining that Plaintiff had engaged in substantial gainful activity and improperly relied on that finding to infer that he is capable of sustaining full-time work; (2) the ALJ failed to properly accommodate Plaintiff's moderate limitations in mental functioning; (3) the ALJ's determination that Plaintiff's statements were not entirely consistent with the evidence was not supported by substantial evidence; (4) the ALJ's rejection of the opinion of Dr. Weisberg was unsupported by substantial evidence; and (5) the ALJ erroneously gave no consideration to whether Plaintiff was disabled beginning in August 2022.

For his third argument, Plaintiff contends that the ALJ's adverse credibility finding was not properly supported. ([10] at 11-13.) Pertinent to Plaintiff's argument, in his decision, the ALJ noted Plaintiff's testimony that "he suffers from bipolar disorder and ADHD" and "despite medications, when depressed . . . he does not have . . . motivation or focus." (R. 21.) The ALJ further noted Plaintiff's allegation that "he has spent most of 2022 in a depressed state except for a couple of months." (*Id.* at 22.) The ALJ also acknowledged that Plaintiff "specifically describe[d] elevated difficulties with maintaining this work [driving an Uber]

6

because of mental symptoms." (*Id.* at 23.) However, the ALJ concluded that Plaintiff's "statements concerning the intensity, persistence and limiting effects of [his] symptoms are not entirely consistent with the medical evidence and other evidence in the record." (*Id.*)

With respect to an ALJ's assessment of a claimant's alleged symptoms, this Court gives "the ALJ's credibility finding special deference and will overturn it only if it is patently wrong." *Summers v. Berryhill*, 864 F.3d 523, 528 (7th Cir. 2017) (internal quotations and citation omitted). However, it is "well-settled law that mere boilerplate statements and conclusions cannot support an ALJ's decision, and an ALJ must set forth 'specific reasons' for discounting subjective reports of symptoms." *Andrew D. v. Kijakazi*, No. 20 C 6091, 2023 WL 2683468, at *3 (N.D. Ill. Mar. 29, 2023) (citations omitted). In this case, the Court finds that the ALJ erred because he did not sufficiently explain his reasoning for rejecting Plaintiff's allegations. *See Grose v. Kijakazi*, No. 21 C 5866, 2023 WL 2572453, at *7 (N.D. Ill. Mar. 20, 2023); *Andrew D.*, 2023 WL 2683468 at *3 ("The ALJ did not sufficiently discuss how the record evidence undermined Claimant's credibility nor did she adequately explain which allegations were not supported by the medical evidence.").

Pertinent to the ALJ's adverse credibility determination, he stated in a conclusory fashion that "the evidence is not reflective of [the alleged] level of specific mental limitations since the amended alleged onset date." (R. 27.) However, the medical records the ALJ cited in his decision generally tend to corroborate Plaintiff's allegations. For instance, the ALJ noted that in December 2020 Plaintiff

7

"presented to the emergency department, after which he remained under inpatient care until January 5, 2021." (*Id.* at 24.) The ALJ further noted that "[a]t a psychiatric visit in February 2021 [Plaintiff] noted a downward spiral of depression since his mania in December." (*Id.*) The ALJ also noted medical records showing that in September 2021 Plaintiff had "symptoms of PTSD [such] as difficulty handling stressful situations, withdrawal from activities, and sometimes . . . flashbacks of his brother getting yelled at." (*Id.* at 25.) The ALJ then noted that "[m]ore recent records from August 3, 2022 showed the claimant was pretty despondent on that date" and Plaintiff was "again having very low drive and motivation, and really falling into a more depressed mood over the prior couple of weeks." (*Id.*) The ALJ also noted that medical records from 2022 showed that Plaintiff had "some clear depressive states especially since the hospitalization at the end of . . . 2020 and into 2021." (*Id.* at 25-26.)

The problem here is that the ALJ noted these various medical records supporting Plaintiff's alleged symptoms and otherwise offered no specific reasons for discounting Plaintiff's allegations. Under the circumstances – where generally all of the medical records cited by the ALJ appear to corroborate Plaintiff's allegations – the reasons for the ALJ's adverse credibility determination are unclear. In light of the disconnect between the ALJ's adverse credibility finding and the medical records he cited, the Court is unable to determine why the ALJ concluded that Plaintiff's allegations were not fully corroborated. *See Cardenas v. Berryhill*, No. 17 CV 8242, 2018 WL 5311899, at *5 (N.D. Ill. Oct. 26, 2018) ("[T]he

8

ALJ did not provide a sufficient explanatory basis for her adverse credibility finding in this regard, and the Court is unable to trace the logical path between this evidence and her conclusion."). The Court must note that it does not point to the evidence above concerning Plaintiff's mental health problems to reweigh it. The point, rather, is that – in light of the ALJ's notations of such evidence and an absence of analysis – the Court genuinely cannot discern why the ALJ discounted Plaintiff's alleged mental health struggles and thus cannot engage in meaningful judicial review. *See Warnell*, 97 F. 4th at 1054. Accordingly, this matter must be remanded. *See Thomas v. Colvin*, No. 11 C 8956, 2014 WL 4413790, at *12 (N.D. Ill. Sept. 5, 2014) ("For these reasons, we find that the ALJ's credibility assessment lacks adequate explanation and leaves us unable to trace the path of her reasoning. As a result, remand is required.").

Based on its conclusion that remand is necessary for the above reasons, the Court need not explore in detail the remaining errors claimed by Plaintiff. The Court emphasizes that the Commissioner should not assume these issues were omitted from the opinion because no error was found. Indeed, the Court admonishes the Commissioner that, on remand, special care should be taken to ensure that the issue of whether Plaintiff engaged in substantial gainful activity is properly determined, Plaintiff's mental limitations are properly accommodated, the medical opinion evidence is properly weighed, and the entire pertinent period is properly considered.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's motion to reverse or remand the Commissioner's decision [10] is granted in part and denied in part. The Court finds that this matter should be remanded to the Commissioner for further proceedings consistent with this Order.

**SO ORDERED.**                                           **ENTERED:**


**DATE:     January 14, 2025**

**HON. DANIEL P. McLAUGHLIN**
**United States Magistrate Judge**